Matter of the Appeal of JOHN ROACH, from the Action of the Annual Meeting of School District No. 6, Stephentown, Rensselaer County, held August 1, 1899, to the County Judge of said County.

(County Court, Rensselaer County, May, 1900.)

Schools — Power of county judge to impose, on school district, costs of an ousted trustee's appeal to the State Superintendent — Consolidated School Law.

A county judge is given no power by sections 5 and 6 of art. I, of tit. XV, of chap. 556 of the Laws of 1894, the Consolidated School Law, to impose upon a school district, after rejection by the voters, a claim for costs which a school trustee incurred in unsuccessfully defending an appeal taken by certain persons to the State Superintendent of Public Instruction asking that his election as school trustee be declared void, as said article I does not apply to costs and expenses incurred in prosecuting an appeal before said Superintendent.

*Semble*, that the remedy of the ousted trustee, if any, is under subdivision 19 of section 14 of article I of said act, and, if the claim be not then allowed, by an appeal to the Superintendent under title XV.

APPLICATION to the county judge of Rensselaer county to compel School District No. 6 of the town of Stephentown to levy a tax for his costs in an appeal to the Superintendent of Public Instruction, under sections 5 and 6 of article I, title XV, of the Consolidated School Law. L. 1894, Ch. 556.

Nelson Webster, for application.

Thomas E. Finegan, for School District No. 6.

NASON, J. This is an application on behalf of John Roach, to the county judge of Rensselaer county, to compel District No. 6 of the town of Stephentown, to levy a tax for his costs on an appeal to the Superintendent of Public Instruction under sections 5 and 6 of article I, title XV, of the Consolidated School Law.

On August 1, 1898, the annual school meeting was held at the

schoolhouse in District No. 6, at Stephentown, N. Y. At said school meeting an election was held for the office of school trustee for the ensuing year and the said John Roach was declared elected. On or about September 9, 1898, Joseph A. Russell and others brought an appeal from the election of said Roach, and from the proceedings of said school meeting to the Superintendent of Public Instruction of the State of New York, by the service of a notice of appeal, asking that the election of John Roach as trustee of said district be declared null and void.

Such proceedings were thereafter had that the Superintendent of Public Instruction made his decision of such matter, in which he decided that said John Roach was not duly elected trustee of said school district, which decision and order was duly filed with the district clerk of said district.

Upon this appeal to the Superintendent of Public Instruction, Roach employed Nelson Webster as his attorney to defend his right and the right of the school district in the matter, and in the course of this employment Mr. Webster prepared the papers required under the rules of the Department of Public Instruction to argue the matter before the Superintendent of Public Instruction. A bill of fifteen dollars was presented by Mr. Webster to Mr. Roach for the services Webster rendered, and paid by the latter.

At the annual school meeting of the district, held August 1, 1899, this account was presented under section 5, article I, of title XV, of the Consolidated School Act, in order that the voters of the district might cause the same to be collected out of the taxable property of said district. The meeting refused to vote such tax. Thereupon the said Roach gave notice of his intention to have his account adjusted by the county judge pursuant to the provisions of sections 6, 7 and 8 of that article.

The only question on this hearing is, whether or not the county judge has power on such an application under said sections to audit such an account and to raise the amount thereby directed to be paid by tax imposed upon the district.

After a careful examination of the statute, I am of the opinion that the county judge has no such power. The language of the statute itself seems to be conclusive to that effect. The heading of the article must be taken as a part of the article, and the body of the article must be construed in reference to the heading.

The heading of the article reads as follows:

## " TITLE XV.

### " MISCELLANEOUS PROVISIONS.

### " ARTICLE I.

" Of loss of school moneys apportioned; of forfeiture by school officers by reason of neglect to sue for penalties; of costs in suits which might have been the subjects of appeal to the superintendent of public instruction; of costs in suits, actions and proceedings other than appeals to the superintendent of public instruction."

The subject-matter of the article seems to be distributed among these different subject headings — " Loss of school moneys apportioned " characterizes section 1; " of forfeiture by school officers by reason of neglect to sue for penalties ", section 2; " of costs in suits which might have been the subjects of appeal to the superintendent of public instruction ", section 3; " of costs in suits, actions and proceedings other than appeals to the superintendent of public instruction " characterizes and qualifies sections 4, 5, 6, 7 and 8.

It will thus be seen that this article has nothing to do with costs and expenses incurred in prosecuting an appeal before the Superintendent of Public Instruction, and, therefore, it cannot be made the basis of this application.    It would seem that if, by any possibility, this were a case where the expenses incurred by the respondent, situated as this one is, could be imposed upon a school district through the medium of a tax levy, it would have to be by virtue of subdivision 19, section 14, of article I, which provides:  " The inhabitants entitled to vote when duly assembled in any district meeting, shall have power by a majority of the votes of those present * * * to vote a tax to replace money of the district lost or embezzled by district officers and to pay the reasonable expenses incurred by district officers in defending suits or appeals brought against them for official acts, or in prosecuting suits or appeals by direction of the district against other parties."

Perhaps on failure to allow the account, if proper, an appeal might be had to the Superintendent of Public Instruction under title XV of that act, and his decision would be conclusive on the district.    The application must, therefore, be denied, without costs.

Application denied, without costs.